UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT T. HARSH,

    Petitioner,

vs.

TIMOTHY BRUNSMAN, WARDEN,

    Respondent.

Civil Action No. 1:07-cv-920

Barrett, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition (Doc. 3), respondent's motion to dismiss (Doc. 23), petitioner's response thereto (Doc. 25), petitioner's motion for appointment of counsel (Doc. 36), and petitioner's numerous motions seeking reversal of his conviction and immediate release from prison. (Docs. 4, 7, 8, 9, 11, 13, 15, 16, 19, 20, 21, 24, 25, 26, 27, 29, 30, 31-35, 39-41).

**Procedural Background**

Petitioner was convicted in January 2007 in the Butler County, Ohio, Court of Common Pleas for operating a motor vehicle under the influence with specification, driving under OVI suspension, and speeding. (Doc. 23, Exh. 5). He was sentenced to consecutive prison terms of four years for operating a motor vehicle under the influence and three years for the specification, and a concurrent jail term of six months for driving under suspension. The trial court imposed a fine for speeding. (Doc. 23, Exhs. 6, 77).

Petitioner, through counsel, filed a timely notice of appeal in the Ohio Court of Appeals,

Twelfth Appellate District. (Doc. 23, Exh. 7). Thereafter, petitioner requested and was granted leave of court to proceed pro se. (Doc. 23, Exhs. 8, 9). Petitioner raised eleven assignments of error on appeal. (Doc. 23, Exh. 17). The State filed a brief in opposition (Doc. 23, Exh. 34), to which petitioner replied. (Doc. 23, Exhs. 35, 36). As of the date of the filing of respondent's motion to dismiss, the Ohio Court of Appeals had not yet issued a decision. However, a review of the electronic docket of the state court shows that on February 4, 2008, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. *See State of Ohio v. Harsh*, Case No. CA 2007-03-083 (Twelfth Appellate Dist. Feb. 4, 2008).[1] On March 7, 2008, petitioner filed a notice of appeal in the Supreme Court of Ohio. His discretionary appeal before the Ohio Supreme Court is still pending. *See State of Ohio v. Harsh*, Case No. 08-0496 (Ohio Supreme Court March 7, 2008).

Meanwhile, petitioner filed a pro se petition to vacate or set aside judgment of conviction or sentence raising various claims. (Doc. 23, Exhs. 39, 40, 41). On September 4, 2007, the trial court found that "[a]ll issues raised by defendant in the post-conviction except for adulteration of the audio and video tape have been raised by letters and motions in his appeal and should be addressed in the appellate court and therefore are not appropriate at this time for post conviction." The trial court appointed counsel to represent Harsh on the remaining issue of the post-conviction petition. (Doc. 23, Exh. 44).

Petitioner filed various pro se motions in the trial court. (Doc. 23, Exhs. 51-56, 58-59, 61-

---

[1] Federal courts may take judicial notice of proceedings in other courts of record. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)(quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969), *cert. denied*, 397 U.S. 1065 (1970)).

2

62). Subsequently, appointed counsel requested and was permitted to withdraw as counsel of record for petitioner. (Doc. 23, Exhs. 63-64).

Petitioner requested new appointment of counsel in the trial court. (Doc. 23, Exh. 65). As of the date of respondent's motion to dismiss, petitioner's post-conviction petition is still pending as to the remaining issue regarding altered audio and video tapes.

Petitioner also filed a petition for writ of habeas corpus in the Fourth District Ohio Court of Appeals, Ross County, seeking release on bond. (Doc. 23, Exh. 67). On October 3, 2007, the Ohio Court of Appeals dismissed the state habeas petition finding petitioner failed to comply with Ohio Rev. Code § 2926.25 which requires an affidavit specifying all actions filed in state and federal court within five years. (Doc. 23, Exh. 68). Petitioner's subsequent motion to reconsider was denied. (Doc. 23, Exh. 69). Petitioner did not appeal to the Ohio Supreme Court.

Petitioner filed a second petition for writ of habeas corpus in the Fourth District Court of Appeals seeking release on bond on October 18, 2007. (Doc. 23, Exh. 70). The Ohio Court of Appeals again dismissed the petition for petitioner's failure to comply with Ohio Rev. Code § 2926.25. (Doc. 23, Exh. 71). Petitioner failed to file an appeal to the Ohio Supreme Court.

On November 7, 2007, petitioner filed the instant habeas corpus petition with this Court. Petitioner alleges the following grounds for relief:

**Ground One:** Unlawful, unconstitutional sentence.

**Supporting Facts**: Ohio law states that no first time felony DUI offender is to be sent to prison only county jail sixty day mand. Not seven years mandatory prison time like I'm serving right now having completed in some odd days my first year unlawfully incarcerated, for no good reason other than retaliation by Judge Oney, for she threatened me in open court not to take my case to trial.

**Ground Two:** Malicious abuse of discretion by trial court; prosecutor

3

misconduct.

**Supporting Facts**: Prosecutor David L Kash was caught red handed by self and counsel altering certified court documents and said so what it's a grievable offense. There was no evidence what so ever in my case except for the illegal documents prosecutor typed up himself all in transcripts. Judge Oney and the Prosecutor an attorney ended my trial early so they could all go to a coworkers retirement party an my attorney says he won't object to anything so they can leave.

(Doc. 3).

## OPINION

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The United States Supreme Court in *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999), held that to fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the state courts, but still has an

4

avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

In this case, it is clear from the record before the Court that petitioner has not exhausted his available state court remedies with respect to his two grounds for relief. The claims alleged in Grounds One and Two of the petition were raised in petitioner's direct appeal to the Twelfth District Ohio Court of Appeals (Doc. 23, Exh. 17) and in his petition to vacate or set aside judgment of conviction or sentence. (Doc. 23, Exh. 39-41). Petitioner has recently filed a notice of appeal from the decision of the Ohio Court of Appeals affirming the judgment of the trial court and his discretionary appeal is currently pending before the Supreme Court of Ohio. Petitioner's petition to vacate or set aside judgment of conviction or sentence on the issue of adulteration of the audio and video tape is still pending in the Butler County Court of Common Pleas.

It is therefore undisputed that petitioner has not completed a direct appeal of his convictions or exhausted his state court remedies on his motion to vacate. An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *See Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). There is nothing before the Court which suggests that requiring petitioner to pursue his discretionary appeal with the Ohio Supreme

Court or exhaust his remedies on his motion to vacate would be futile. The Court also notes that the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) has not yet begun to run as petitioner's conviction is not yet "final."[2] Because the statute of limitations has not commenced running in this case, petitioner "is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies" currently pending in the Ohio courts. *Cf. Mingo v. Michigan,* No. 1:06-CV-24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006) (unpublished). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss be **GRANTED** and the petition (Doc. 1) be dismissed without prejudice to refiling after petitioner has exhausted his state court remedies.

2. Petitioner's pending motions (Docs. 4, 7, 8, 9, 11, 13, 15, 16, 19, 20, 21, 24, 25, 26, 27, 29, 30, 31-35, 39-41) and (Doc. 36) be **DENIED** as moot.

3. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice pending exhaustion of such

---

[2]Under § 2244(d)(1)(A), the statute begins to run when the judgment of conviction becomes "final" by the conclusion of direct review or the expiration of time for seeking such review. Moreover, under the tolling provision set forth in § 2244(d)(2), the statute is tolled during the pendency of a properly-filed state post-conviction petition or other collateral review proceeding.

remedies.³ *Cf. Mingo, supra,* 151901, at *4.

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/31/08

Timothy S. Hogan
United States Magistrate Judge

---

³Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT T. HARSH,
Petitioner,

vs.

TIMOTHY BRUNSMAN, WARDEN,
Respondent

Civil Action No. 1:07-cv-920

Barrett, J.
Hogan, M.J.

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

8

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Robert Harsh<br>#547-305<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7007 1490 0001 0562 6738 | |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1: 07cv920 Doc. 43