**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Robert T. Harsh,

        Petitioner,

    v.

Warden, Chillicothe Correctional Institution,

        Respondent.

CASE NO.  1:07cv920

Judge Michael R. Barrett

## <u>ORDER</u>

Petitioner Harsh filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 11, 2007 (Doc. 3).  Harsh seeks relief from the sentence that Ohio imposed following the finding of guilty by a jury.  Harsh was sentenced to a total of seven years of imprisonment.  Respondent filed a motion to dismiss with numerous exhibits attached (Doc. 23).  Petitioner has filed numerous related motions before this Court (see Doc. 4, 7, 8, 9, 11, 13, 15, 16, 19, 20, 21, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 39, 40, 41 and 42).  On March 31, 2008, Magistrate Judge Hogan filed a Report and Recommendation (hereinafter, the "Report") (Doc. 43) that recommended the Respondent's motion to dismiss be granted and that the pending motions be denied as moot.  The Petitioner objects to the Report (Doc. 47, 48, 49 and 50).  Since the filing of the Report, Petitioner has filed additional related motions (Doc. 44 and 45).

For the reasons provided below, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

I. Background and Facts

The procedural background is sufficiently set forth in the Report and will not be

restated herein.  Petitioner was found guilty of operating a motor vehicle under the influence as to Count One of the indictment, a violation of O.R.C. §4511.19(A)(1)(a), a fourth degree felony, and sentenced to a mandatory prison term of four years pursuant to O.R.C. §4511.19(G)(1)(d)(i)[1]; Specification as to Count One,[2] which, pursuant to O.R.C. § 2941.1413, Petitioner received an additional prison term of three years to be served consecutively; driving under OVI suspension, a violation of O.R.C. §4510.14(A), a first degree misdemeanor, which Petitioner received a sentence of jail for a period of six months to be served concurrently to Count One.  Petitioner was also ordered to pay numerous costs and fines.  See Doc. 1-4; also Doc. 23-3, p16.

II.  Argument

Respondent argues that this matter must be dismissed as Petitioner has failed to exhaust his state court remedies.  Specifically, Petitioner has an appeal pending before the Ohio Supreme Court and a petition to vacate or set aside judgment of conviction or sentence on the issue of altered audio and video tapes is still pending before the Butler County Court of Common Pleas.

III. Legal Analysis and Opinion

When objections are received to a magistrate judge's Report and Recommendation

---

[1]Petitioner was charged with a fourth degree felony due to the Specification. See FN2.

[2]The Specification included in the indictment specified that the Petitioner, within twenty years of the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses.  See O.R.C. §2941.1413 and Doc. 14-2, p64.  Pursuant to O.R.C. §2929.13(G)(2), the Court shall impose "a mandatory additional prison term of one, two, three, four or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413."

on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...."  Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions.  The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). See also *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).  However, such an application shall not be granted unless all state court remedies have been exhausted, there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect petitioner's rights.  See 28 U.S.C. §2254(b)(1); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(per curiam).

Here the issues have not yet been completely adjudicated on the merits by the state courts and there is no evidence of an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights.

The grounds for habeas relief raised by Petitioner are the same grounds previously raised and still currently pending before the state courts, including the Supreme Court of Ohio. Thus, the Court finds that this matter must be dismissed for failure to exhaust Petitioner's state court remedies.  See 28 U.S.C. 2254(b) and (c); *Granberry v. Greer*, 481 U.S. 129, 131 (1987).

In addition, the Court notes that Petitioner has filed numerous repetitive, needless and meritless motions in this case.  This filing practice by Petitioner is not appropriate in this Court.  Furthermore, such filings often contain inappropriate language. See Doc. 40 and 48.  Petitioner is cautioned that such needless filings may result in limitations being placed upon the filings that Petitioner may file in this Court.  See *Stewart v. Fleet Financial*, 2000 U.S. App. LEXIS 21201 (6th Cir. Mich. Aug. 10, 2000)(A district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Such restrictions do not violate the First Amendment.).

IV. Conclusion

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough, well reasoned, and correct.  Thus, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (Doc. 43), and GRANTS Respondent's motion to dismiss (Doc. 23).  The Petition for Writ of Habeas Corpus (Doc. 3) is dismissed without prejudice to refiling after Petitioner has exhausted his state court

4

remedies.[3]  In additional, all other pending motions (Docs. 4, 7, 8, 9, 11, 13, 15, 16, 19, 20, 21, 24, 25, 26, 27, 29, 30-36, 39, 40, 41, 42, 44, 45, 49 and 50 as well as Doc. 48 as it applies to this Court) are DENIED as moot.   Further, the Court FINDS that a certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000) because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that Petitioner has failed to exhaust his state remedies.   Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis. Fed. R. App. P. 24(a), *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

The Clerk of Court is directed to terminate this matter from the docket of this Court.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[3]Any additional filings in this matter will be stricken until such time that Petitioner refiles his application and can show that he has exhausted all his state court remedies.